IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–01760–REB–KMT

KIPLING SUN TOWNHOMES ASSOCIATION, INC.,

    Plaintiff,

v.

CIBA INSURANCE SERVICES OF CALIFORNIA, INC.,
GREAT LAKES REINSURANCE (UK) PLC, and
CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,

    Defendants.

## ORDER

This matter is before the court on Plaintiff's "Unopposed Motion to File Amended Complaint" (Doc. No. 14, filed July 23, 2013.) Plaintiff seeks to file an amended complaint to "add other insurers as party defendants." (Mot. ¶ 4.)

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

> merits.  In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).  The Federal Rules reject the approach "that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

This case is in its relative infancy.  Indeed, a Scheduling Conference, at which the court will set a deadline for amending the pleadings and joining parties, *see* Fed. R. Civ. P. 16(a)(3)(A), has not been held.  Thus, there can be little, if any, argument that Plaintiff's proposed amendments are unduly delayed or prejudicial.  Furthermore, the current defendants do not oppose Plaintiff's Motion.  Thus, there is no argument, and the court does not otherwise find that Plaintiff's proposed Amended Complaint would be futile or is submitted in bad faith.  Therefore, it is

ORDERED Plaintiff's "Unopposed Motion to File Amended Complaint" (Doc. No. 14)

is GRANTED.  The Clerk of Court is directed to file Plaintiff's proposed Amended Complaint and Jury Demand (Doc. No. 14-1).

Dated this 29th day of July, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge