IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–01760–REB–KMT

KIPLING SUN TOWNHOMES ASSOCIATION, INC.,

    Plaintiff,

v.

COMMERCIAL INDUSTRIAL BUILDING OWNERS ALLIANCE, INC.,
GREAT LAKES REINSURANCE (UK) PLC, and
SYNDICATE 510 SUBSCRIBING TO POLICY #GEP2812,
LANDMARK AMERICAN INSURANCE COMPANY, and
SYNDICATE 1225 SUBSCRIBING TO POLICY # PP1103191000,

    Defendants.

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on the "Joint Motion to Stay Proceeding." (Doc. No. 66, filed Apr. 16, 2014.)

The parties seek to vacate a stay of proceedings pending the completion of an appraisal under the applicable policy. More specifically, on March 19, 2014, Plaintiff invoked paragraph 27 of the applicable Policy, which states

**27. APPRAISAL**

If the Insured and the Company fail to agree on the amount of loss, each, upon the written demand either of the Insured or of the Company made within 60 days after receipt of proof of loss by the Company, shall select a competent and disinterested appraiser. The appraisers shall then select a competent and disinterested umpire. If they should fail for 15 days to agree upon such umpire, then upon the request of the Insured or of the Company, such umpire shall be selected by a judge of a court of

> record in the county and state in which such appraisal is pending. Then, at a reasonable time and place, the appraisers shall appraiser the loss, stating separately the value at the time of loss and the amount of loss. If the appraisers fail to agree, they shall submit their differences to the umpire. An award in writing by any two shall determine the amount of loss. The Insured and the Company shall each pay his or its chosen appraiser and shall bear equally the other expenses of the appraisal and of the umpire.

(Mot. at 2.)

The parties thereafter agreed to the immediate dismissal of all of Plaintiff's claims against Defendants Commercial Industrial Building Owners Alliance, Inc., Great Lakes Reinsurance (UK) PLC, and Plaintiff's bad faith and statutory claims against the remaining Defendants. The parties further agree that Plaintiff's remaining claims will be dismissed upon completion of the appraisal process.[1]

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02–CV–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Nevertheless,

> [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). A stay of proceedings is thus an appropriate exercise of the court's discretion. *Id.* When considering a stay of proceedings, this court considers: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of

---

[1] Former Defendant "Certain Underwriters at Lloyd's, Syndicate 1225 Subscribing to Policy No. CUG101213-049" was dismissed on April 23, 2013. (Order of Dismissal, Doc. No. 70.)

a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Under these circumstances, the court finds that a stay of proceedings is warranted. As is evident from the fact that the parties all jointly seek a stay, neither Plaintiff nor Defendants have an interest in proceeding with discovery and other proceedings while the appraisal process is undertaken. Further, it would constitute a waste of judicial resources to compel the parties to continue proceeding with this case when all parties agree that the completion of the appraisal process will fully resolve the claims in this case.[2] Neither the interests of non-parties or the public, if any, prompt this court to reach a different result. Therefore, on balance, the court finds a stay of proceedings is proper in this case.

Therefore, it is

ORDERED that the "Joint Motion to Stay Proceeding" (Doc. No. 66) is GRANTED. All proceedings in this case are hereby STAYED and the Discovery and Dispositive Motions Deadlines are VACATED. Within 14 days of the completion of the appraisal process, the parties shall submit a stipulated motion to dismiss this matter with prejudice.

The court further

---

[2] The court acknowledges that the parties may seek to have the Court appoint an umpire in accordance with Paragraph 27 of the Policy in order to complete the appraisal process.

RECOMMENDS that District Judge Robert E. Blackburn VACATE the Final Pretrial Conference and Trial Preparation Conference set for October 17, 2014 and the eight-day Jury Trial set for November 3, 2014.

Dated this 25th day of April, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge