IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Kathleen M. Tafoya, Magistrate Judge**

Civil Action No. 13–cv–01760–REB–KMT

KIPLING SUN TOWNHOMES ASSOCIATION, INC.,

    Plaintiff,

v.

SYNDICATE 510 SUBSCRIBING TO POLICY #GEP2812,
LANDMARK AMERICAN INSURANCE COMPANY, and
SYNDICATE 1225 SUBSCRIBING TO POLICY # PP1103191000,

    Defendants.

## ORDER

    This matter is before the court on the parties' "Joint Motion to Appoint Umpire" [Doc. No. 73] filed May 9, 2014.

    The parties have agreed to resolve their remaining claims by invocation of the appraisal clause found in paragraph 27 of the insurance policy at issue. The appraisal clause provides, in part, that the parties shall each select competent and disinterested appraisers to evaluate the amount of loss associated with the claims in this case. Those appraisers, apparently before they begin their own appraisal work, "shall then select a competent and disinterested umpire. If they should fail for 15 days to agree upon such umpire, then upon the request of the Insured or of the Company, such umpire shall be selected by a judge of a court of record in the county and state in which such appraisal is pending." (Mot. at 2.)

The appraisers picked by the parties have been unable to agree upon an umpire. *Id*. at 3. An umpire is necessary because the next step in the process requires

> the appraisers shall appraiser the loss, stating separately the value at the time of loss and the amount of loss. If the appraisers fail to agree, they shall submit their differences to the umpire. An award in writing by any two shall determine the amount of loss. The Insured and the Company shall each pay his or its chosen appraiser and shall bear equally the other expenses of the appraisal and of the umpire.

*Id*. at 2.

This court has determined that it is within the power of the federal district court to effectuate the terms of the appraisal provision of an insurance policy when the case about the insured loss is pending in its court. *Norwich Union Fire Ins. Soc., Limited, of Norwich, England v. Cohn*, 68 F.2d 42 (10th Cir. 1933) (page numbers not provided). *See also Camden Fire Ins. Ass'n v. KML Sales, Inc.*, 99 Fed. Appx. 367, 369, 2004 WL 1147055, *2 (3d Cir. May 19, 2004); *Brothers v. Generali U.S. Branch*, 1997 WL 578681, *3 (N.D. Ga. July 11,1997).

The court also finds that beyond the requirement of impartiality of a potential umpire, subject matter expertise and being knowledgeable about the issues in dispute are relevant to the appointment of an umpire under this provision.  In this regard, experience in damage analysis, estimating and/or appraisals weighs in on the positive side.  Further, individuals familiar with the practices and procedures customarily used in appraising structural damage or estimating repairs will promote both fairness and efficiency of the process.  In an effort to find such an individual to act as umpire the court will set up a process whereby the parties continue to have reasonable input into the umpire selection process.

Therefore, it is **ORDERED**

The parties' "Joint Motion to Appoint Umpire" [Doc. No. 73] is **GRANTED**.

1. On or before **May 30, 2014**, the parties may each submit the names of three disinterested, unprejudiced, honest and competent appraisers to act as an umpire in this case. The submission shall include a complete curriculum vitae for each umpire candidate and any other documents relevant to the court's assessment of the qualifications of the candidate to act as impartial umpire. Before submitting a the name of a candidate, the offering party must insure that the individual is willing to serve as umpire and must ascertain the costs which will be charged by that candidate for umpire service. The hourly rate or other cost basis for each candidate shall be included in the submission.

2. On or before **June 13, 2014**, each party may formally strike, without further explanation, one of the umpire candidates identified by the other side for inclusion. Additionally, the parties may submit argument against the qualifications of the remaining two umpire candidates proposed by the opposing party, as appropriate.

3. A hearing regarding which of the four remaining candidates should be named as umpire in this case will be held on **June 18, 2014 at 2:00 p.m. in Courtroom C-201, 1929 Stout Street, Denver, Colorado**.

Dated this 13th day of May, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge